IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:11-2129-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Dwayne Lemont Budden, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion requesting termination of supervised release. ECF No. 81. The United Probation Office has notified this court that it has no objection to the termination of Defendant's supervision; the United States Attorney's Office has indicated that it agrees with the position of the United States Probation Office.

Title 18 United States Code Section 3583(e) provides that

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a

1

conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999). However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id*. at 283 (citation omitted).

Defendant is employed and in full compliance with the other conditions of his supervision. In the interests of justice, Defendant's motion for termination of supervised release is **granted**.

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 5, 2014